98 F.3d 1342
 153 L.R.R.M. (BNA) 2704
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ELECTRICAL ASSOCIATES, INC., Respondent.
 No. 96-6073.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 NLRB, No. 9-CA-32617.
 NLRB, 1995 WL 490324.
 ORDER ENFORCED.
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its August 15, 1995, decision and order in Case No. 9-CA-32617 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 9-CA-32617 is hereby enforced. The respondent, Electrical Associates, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Interrogating employees concerning their union membership;
 
 
 4
 (b) Changing the job assignment of its employees or discharging them because they form, join, or assist International Brotherhood of Electrical Workers, Local 212, AFL-CIO (the "Union"), or engage in concerted activities or to discourage employees from engaging in these activities;
 
 
 5
 (c) Failing to maintain in full force and effect all the terms and conditions of the agreement between the Union and the National Electrical Contractors Association, Cincinnati Chapter (NECA), effective for the period May 29, 1994, through May 31, 1996, by failing to remit contributions to the Union's National Electrical Benefit Fund, the National Electrical Annuity Plan, the Cincinnati Electrical Contrators Association Fund, the Union's regular supplementary unemployment benefit "A" fund, the major supplementary unemployment benefit "B" fund, the health and welfare fund, the pension fund, the Union's joint apprentice and training trust fund, or the COPE fund, or by failing to remit working dues.
 
 
 6
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the right guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Offer Michael Huber immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed, and to make him whole, with interest for any loss of earnings and other benefits suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Expunge from its files any and all references to the unlawful discharge of Michael Huber and notify him in writing, that this has been done.
 
 
 10
 (c) Maintain in full force and effect the collective bargaining agreement between the Union and the National Electrical Contractors Association, Cincinnati Chapter, effective from May 29, 1994, through May 31, 1996.
 
 
 11
 (d) Make all delinquent contributions that have not been made since August 1994 to the Union's National Electrical Benefit Fund, the National Electrical Annuity Plan, and the Cincinnati Electrical Contractors Association Fund; since October 1994 to the Union's regular supplementary unemployment benefit "A" fund, the major supplementary unemployment benefit "B" fund, the health and welfare fund, and the pension fund; and since November 1994 to the Union's joint apprentice and training fund and the COPE fund, and reimburse the unit employees, with interest, for any expenses ensuing from its failure to make the required contributions, as set forth in the remedy section of the Board's decision.
 
 
 12
 (f) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 13
 (g) Post at its facility in Cincinnati, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 9 of the National Labor Relations Board (Cincinnati, Ohio), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (h) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 15
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 16
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT interrogate employees concerning their union membership.
 
 
 19
 WE WILL NOT change our employees' job assignment or discharge them because they form, join, or assist International Brotherhood of Electrical Workers, Local 212, AFL-CIO, or engage in concerted activities or to discourage employees from engaging in these activities.
 
 
 20
 WE WILL NOT fail to maintain in full force and effect all the terms and conditions of the agreement between the Union and the National Electrical Contractors Association, Cincinnati Chapter (NECA), effective for the period May 29, 1994, through May 31, 1996, by failing to remit contributions to the Union's National Electrical Benefit Fund, the National Electrical Annuity Plan, the Cincinnati Electrical Contractors Association Fund, the Union's regular supplementary unemployment benefit "A" fund, the major supplementary unemployment benefit "B" fund, the health and welfare fund, the pension fund, the Union's joint apprentice and training trust fund, or the COPE fund, or by failing to remit working dues.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL offer Michael Huber immediate and full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed, and make him whole, with interest, for any loss of earnings and other benefits suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the decision.
 
 
 23
 WE WILL expunge from our files any and all references to the unlawful discharge of Michael Huber and notify him, in writing, that this has been done.
 
 
 24
 WE WILL maintain in full force and effect the collective-bargaining agreement between the Union and the National Electrical Contractors Association, Cincinnati Chapter, effective from May 29, 1994, through May 31, 1996.
 
 
 25
 WE WILL make all delinquent contributions that have not been made since August 1994 to the Union's National Electrical Benefit Fund, the National Electrical Annuity Plan, and the Cincinnati Electrical Contractors Association Fund; since October 1994 to the Union's regular supplementary unemployment benefit "A" fund, the major supplementary unemployment benefit "B" fund, the health and welfare fund, and the pension fund; and since November 1994 to the Union's joint apprentice and training trust fund and the COPE fund, and reimburse the unit employees, with interest, for any expenses ensuing from its failure to make the required contributions, as set forth in the remedy section of the decision.
 
 
 26
 WE WILL remit the working dues to the Union which have not been remitted since November 1994, with interest.
 
 
 27
 ELECTRICAL ASSOCIATES, INC.